1  SKAPIK LAW GROUP
   Mark J. Skapik (SBN 164957)
2  Geralyn L. Skapik (SBN 145055)
   Blair J. Berkley (SBN 222293)
3  Matthew T. Falkenstein (SBN 333302)
   5861 Pine Avenue, Suite A-1
4  Chino Hills, California 91709
   Telephone: (909) 398-4404
5  Facsimile: (909) 398-1883

6  Attorneys for Plaintiffs
   DAVID VILLALOBOS, an individual; D.V, a minor,
7  by and through his guardian ad litem, Griselda Viera

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 DAVID VILLALOBOS, an individual;       Case No.:
   D.V. a minor, by and through his guardian
12 ad litem, Griselda Viera;              **COMPLAINT FOR DAMAGES**

13                                        1. 42 U.S.C. § 1983 (Unlawful
                Plaintiffs,               Detention/Wrongful Arrest) (Count I)
14                                        2. 42 U.S.C. § 1983 (Unlawful
        vs.                               Detention/Wrongful Arrest) (Count II)
15                                        3. 42 U.S.C. § 1983 (Excessive Force)
   CITY OF ONTARIO; and DOES 1 through    (Count I)
16 10, inclusive.                         4. 42 U.S.C. § 1983 (Excessive Force)
                                          (Count II)
17                                        5. 42 U.S.C. § 1983 (Failure to Intervene)
                Defendants.               (Count I)
18                                        6. 42 U.S.C. § 1983 (Failure to Intervene)
                                          (Count II)
19                                        7. 42 U.S.C. § 1983 (First Amendment)
20                                        8. 42 U.S.C. § 1983 (*Monell* Liability –
                                          Unconstitutional Custom, Practice or
21                                        Policy)
                                          9. 42 U.S.C. § 1983 (*Monell* Liability –
22                                        Failure to Train)
                                          10. 42 U.S.C. § 1983 (*Monell* Liability –
23                                        Ratification)
                                          11. Assault (Count I)
24                                        12. Assault (Count II)
                                          13. Battery
25                                        14. Negligence (Count I)
                                          15. Negligence (Count II)
26                                        16. Negligent Supervision, Hiring, and
                                          Retention
27                                        17. Intentional Infliction of Emotional
                                          Distress (Count I)
28

                              - 1 -
                           COMPLAINT

18. Intentional Infliction of Emotional Distress (Count II)
19. Bane Act (Cal. Civil Code § 52.1) (Count I)
20. Bane Act (Cal. Civil Code § 52.1) (Count II)
21. Ralph Act (Cal. Civil Code § 51.7) (Count I)
22. Ralph Act (Cal. Civil Code § 51.7) (Count II)

**DEMAND FOR JURY TRIAL**

## COMPLAINT FOR DAMAGES

1. Plaintiffs DAVID VILLALOBOS and D.V., a minor by and through his guardian ad litem Griselda Viera, (collectively, "Plaintiffs") for their complaint against Defendants CITY OF ONTARIO and DOES 1-10, inclusive, alleges as follows:

## INTRODUCTION

2. This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution in connection with a confrontation between Plaintiffs and yet-to-be identified members of the Ontario Police Department, which is owned and operated by Defendant CITY OF ONTARIO.

## PARTIES

3. At all relevant times, DAVID VILLALOBOS ("DAVID") was an individual residing in the County of San Bernardino, California. At all times relevant, DAVID is and was a male of Hispanic and Mexican heritage.

4. At all relevant times, D.V. ("D.V.") was a minor residing in the County of San Bernardino, California. At all times relevant, D.V. is and was an underage male of Hispanic and Mexican heritage.

5. At all times relevant, Defendant CITY OF ONTARIO ("CITY") is and was a duly organized public entity, form unknown, existing under the laws of the State of California. At all times relevant, the CITY was the employer of DOES 1-8, who were various CITY officers and/or supervisorial officers; and DOES 9-10, who were managerial, supervisorial, and policymaking employees of the CITY's police department.

On information and belief, at all times relevant, DOES 1-10 were residents of the County of San Bernardino, California. DOES 1-10 are sued in their individual capacity for damages only.

6.     At all times relevant, DOES 1-10, inclusive, were duly authorized employees and agents of the CITY, who were acting under color of law within the course and scope of their respective duties as police officers and with the complete authority and ratification of their principal, Defendant CITY.

7.     At all relevant times, DOES 1-10 were duly appointed police officers and/or employees or agents of the CITY, subject to oversight and supervision by the CITY's elected and non-elected officials.

8.     In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 1-10, inclusive, were acting on the implied and actual permission and consent of the CITY.

9.     At all times mentioned herein, each and every CITY defendant was the agent of each and every other CITY defendant and had the legal duty to oversee and supervise the hiring, training, conduct, and employment of each and every other CITY defendant.

10.     The true names of defendants DOES 1-10, inclusive, are unknown to Plaintiff, who therefore sues these defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitiously named defendants is responsible in some manner for the conduct and liabilities alleged herein.

## JURISDICTION AND VENUE

11.     This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth Amendment of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

12.    Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrence giving rise to this action occurred in the County of San Bernardino, California.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

13.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 12 of this complaint with the same force and effect as though fully set forth herein.

14.    On the night of December 29, 2023, DAVID's vehicle was involved in a car accident. DAVID was the driver, and D.V. was the passenger.

15.    After DAVID's vehicle was side swiped, DAVID and D.V. sought CITY police officers' assistance to report the car accident.

16.    Upon locating CITY police officers near the intersection of Holt Boulevard and Fontana, DAVID approached them in order to report the incident. At all times, DAVID was unarmed and did not make any threats towards any of the officers, including DOES 1-10, inclusive.

17.    DAVID was speaking with one or more of DOES 1-10, inclusive, who began to encroach on his physical space. DOES 1-10, inclusive, were physically much larger than DAVID. As the officers approached DAVID, they started to manhandle him. DAVID, who had committed no criminal act and was not involved in any crime beyond the one of which he was a victim, pulled away from DOES 1-10, inclusive, and told them not to touch him.

18.    In response, DOES 1-10, inclusive, tackled DAVID to the ground and punched him in the face multiple times, despite the fact that DAVID had committed no criminal act and was not a threat to himself or any other person.

19.    While DAVID was on the ground, DOES 1-10, inclusive, placed their knees on his neck, held him against the ground, and repeatedly struck him with their fists and elbows in the face and head area.

20.    Upon information and belief, at no point prior to throwing DAVID to the ground did DOES 1-10, inclusive, inform him that he was being arrested or detained.

21.    DOES 1-10, inclusive, used this force despite DAVID not having committed any crime, not threatening force against the officers, and not having been detained or arrested.

22.    Other DOE officers watched and did not attempt to prevent DAVID from being brutally beaten by the other officers. In fact, these DOE officers attempted to prevent bystanders from recording the incident by standing in front of their cameras.

23.    DAVID was thereafter taken to the hospital, and treated for facial bruising and a head injury, which could possibly constitute a traumatic brain injury.

24.    While DAVID was being brutally beaten, his younger brother, D.V., was located in a parked car next to where the incident took place. D.V. was at all times relevant a minor and unarmed, and did not at any point attempt to exit the vehicle.

25.    While DAVID was being brutally and mercilessly beaten, D.V. began to record the interaction on his cell phone and shout to tell the officers to stop the unconstitutional and senseless beating of DAVID. As D.V. began recording, one of the involved officers (DOES 1-10, inclusive), shined his flashlight directly in the lens of D.V.'s camera to intimidate him and prevent him from recording the obviously excessive force being used against DAVID.

26.    This DOE officer then positioned himself between D.V. and DAVID so that D.V. could not video record the senseless beating of DAVID, and continued to shine his flashlight into D.V.'s face in order to intimidate him. D.V. attempted to continue to video record the incident.

27.    At some point during the interaction, the same DOE officer who attempted to intimidate D.V. and prevent him from recording the senseless beating of DAVID gave D.V. a command regarding D.V.'s hands. D.V. was unsure about the nature of the command and believed he was told to put his hands back in the vehicle, to which he complied.

28.     Immediately upon placing his hands back in the vehicle, this same DOE officer pulled his gun from his holster and pointed it at D.V.'s face, while also screaming at D.V. to remove his hands from the vehicle. D.V. immediately complied with the commands. The same officer then held D.V. at gunpoint for multiple minutes in order to threaten and intimidate D.V. from recording the incident further. On information and belief, this DOE officer pointed the gun at D.V. in order to threaten him and to retaliate against D.V. for recording the incident.

29.     At no point did D.V. threaten any officer, commit any criminal act, or pose a threat to himself or any other person. At all times D.V. was compliant with every command given by the officers.

30.     DAVID suffered extreme physical emotional trauma due to the actions of the DOE OFFICERS. D.V. suffered extreme physical and emotional trauma as well due to the actions of DOE OFFICER 3.

31.     DAVID was arrested for one misdemeanor violation of California Penal Code § 148(a), resisting arrest. The charge was dismissed on January 27, 2025.

32.     On May 21, 2024, DAVID and D.V. filed government tort claims against Defendant CITY for damages arising from the DOE OFFICERS' excessive use of force against them. As of the filing of this complaint, no response to these claims has been provided.

## I.

## FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure – Unlawful Detention/Wrongful Arrest (Count I)**

**(42 U.S.C. § 1983)**

(By DAVID against DOES 1-8, inclusive)

33.     Plaintiff repeat and reallege each and every allegation in paragraphs 1 through 32 of this complaint with the same force and effect as though fully set forth herein.

34.    The unjustified arrest and detention of DAVID by DOES 1-8, inclusive, absent any reasonable suspicion or probable cause deprived DAVID of his right to be secure in his persons against unreasonable searches and seizures as guaranteed to DAVID under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

35.    DAVID had not committed any criminal act in the presence of DOES 1-8, inclusive, nor had they acted in a way that a reasonable officer could believe would immediately precede a criminal act.

36.    As such, based on those facts alone, there was no reasonable suspicion to detain DAVID at the time of the incident.

37.    Upon arriving on the scene, DOES 1-8, inclusive, immediately escalated the situation by grabbing and throwing DAVID to the ground and mercilessly beating him. Ultimately, DAVID was arrested by the DOES 1-8, inclusive, despite not having committed any crime and there being no reasonable suspicion or probable cause to arrest him.

38.    The DOE OFFICERS' and DOES 1-8, inclusive, actions described above violated DAVID's rights under the Fourth Amendment to the United States Constitution by subjecting DAVID to an unreasonable and warrantless search and seizure.

39.    The DOE OFFICERS and DOES 1-8, inclusive, detained DAVID without reasonable suspicion and arrested him without probable cause.

40.    In detaining DAVID without reasonable suspicion and arresting him without probable cause, the DOE OFFICERS and DOES 1-8, inclusive, acted intentionally and under color of state law.

41.    As a result of the actions of DOES 1-8, inclusive, DAVID suffered physical injury, extreme mental and physical pain and suffering, emotional distress, and loss of enjoyment of life.

42.    The conduct of the DOES 1-8, inclusive, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DAVID and therefore warrants the imposition of exemplary and punitive damages as to the DOES 1-8, inclusive.

43.    DAVID also seeks attorneys' fees under this claim.

## II.

## SECOND CLAIM FOR RELIEF

**Unreasonable Search and Seizure – Unlawful Detention/Wrongful Arrest (Count II)**

**(42 U.S.C. § 1983)**

(By D.V. against DOES 1-8, inclusive)

44.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 43 of this complaint with the same force and effect as though fully set forth herein.

45.    The unjustified arrest and detention of D.V. by DOES 1-8, inclusive, absent any reasonable suspicion or probable cause deprived D.V. of his right to be secure in his persons against unreasonable searches and seizures as guaranteed to D.V. under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

46.    D.V. had not committed any criminal act in the presence of DOES 1-8, inclusive, nor had they acted in a way that a reasonable officer could believe would immediately precede a criminal act.

47.    As such, based on those facts alone, there was no reasonable suspicion to detain D.V. at the time of the incident.

48.    Upon arriving on the scene, DOES 1-8, inclusive, immediately escalated the situation by grabbing and throwing DAVID to the ground and mercilessly beating him. When D.V. attempted to film the unconstitutional acts of the DOES 1-8, inclusvie, one of them interfered with the recording by first shining his flashlight directly into D.V.'s camera and then by pointing his gun directly at D.V.'s person in retaliation for D.V.'s recording.

49.     The actions of DOES 1-8, inclusive, as described above, violated D.V.'s rights under the Fourth Amendment to the United States Constitution by subjecting D.V. to an unreasonable and warrantless search and seizure.

50.     There was no reason to detain D.V. at gunpoint when he was recording unconstitutional acts of other officers, and doing so violated D.V.'s Fourth Amendment

51.     DOES 1-8, inclusive, detained D.V. without reasonable suspicion and executed a *de facto* arrest of D.V. without probable cause.

52.     In detaining D.V. without reasonable suspicion and arresting him without probable cause, DOES 1-8, inclusive, acted intentionally and under color of state law.

53.     As a result of the actions of DOES 1-8, inclusive, Plaintiff suffered physical injury, extreme mental and physical pain and suffering, emotional distress, and loss of enjoyment of life.

54.     The conduct of the DOE OFFICERS and DOES 1-8, inclusive, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DAVID and therefore warrants the imposition of exemplary and punitive damages as to the DOE OFFICERS and DOES 1-8, inclusive.

55.     D.V. also seeks attorneys' fees under this claim.

### III.

### THIRD CLAIM FOR RELIEF

**Unreasonable Search and Seizure – Excessive Force (42 U.S.C. § 1983) (Count I)**

(By DAVID against DOES 1-8, inclusive)

56.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 55 of this complaint with the same force and effect as though fully set forth herein.

57.     The DOE OFFICERS' unjustified uses of excessive force against DAVID deprived DAVID of his right to be secure in his persons against unreasonable searches and seizures as guaranteed to DAVID under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment. DOES 1-8,

inclusive, used excessive and unreasonable force against DAVID when they, and each of them, grabbed him and threw him to the ground despite DAVID not having committed any criminal act and with no reasonable suspicion; punched, kicked, elbowed, and kneed him repeatedly in the face and head area; placed a knee on DAVID's neck while he was prone, cutting off his airway by means of positional asphyxiation; and otherwise used excessive and unreasonable force against DAVID, causing injury.

58.     The unreasonable uses of force described above by DOES 1-8, inclusive, deprived DAVID of his rights to be secure in his person against unreasonable searches and seizures as guaranteed to DAVID under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

59.     As a result, DAVID suffered physical injury, a potential traumatic brain injury, extreme mental and physical pain and suffering, emotional distress, and loss of enjoyment of life.

60.     As a result of the conduct of the DOES 1-8, inclusive, they are liable for DAVID's injuries, either because they were integral participants in the use of excessive force, or because they failed to intervene to prevent these constitutional violations.

61.     The use of excessive force in this instance was unreasonable under the circumstances because it was without probable cause, and deprived DAVID of his Fourth Amendment right to be free of unreasonable seizures. DAVID was only ultimately charged with "resisting arrest" despite not actually resisting any arrest, posing no threat to the officers or anyone else, was not obstructing lawful police action, and being wholly compliant with all officers at the time of the incident. Therefore, the force used by DOES 1-8, inclusive, was unreasonable under the circumstances.

62.     In using such excessive and unreasonable force on DAVID, DOES 1-8, inclusive, acted intentionally and under color of state law.

63.     The conduct of the DOES 1-8, inclusive, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to DOES 1-8, inclusive.

64.     DAVID also seeks attorneys' fees under this claim.

**IV.**

**FOURTH CLAIM FOR RELIEF**

**Unreasonable Search and Seizure – Excessive Force (42 U.S.C. § 1983) (Count II)**

(By D.V. against DOES 1-8, inclusive)

65.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 64 of this complaint with the same force and effect as though fully set forth herein.

66.     The unjustified uses of excessive force D.V. by DOES 1-8, inclusive, deprived him of his right to be secure in his persons against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

67.     Specifically, D.V. was subjected to excessive and unreasonable force when DOES 1-8, inclusive, drew their weapons and pointed them at D.V. in retaliation for D.V. taking a video recording of the excessive force used against DAVID. D.V. had not committed any crime, was clearly a minor, and was not a threat to any person, including DOES 1-8, inclusive, when he was subjected to this unreasonable and excessive use of force.

68.     As a result, D.V. suffered extreme mental and emotional pain and suffering, emotional distress, and loss of enjoyment of life.

69.     As a result of the conduct of DOES 1-8, inclusive, they are liable for D.V.'s injuries, either because they were integral participants in the use of excessive force, or because they failed to intervene to prevent these constitutional violations.

70.     The use of excessive force in this instance was unreasonable under the circumstances because it was without probable cause, and deprived D.V. of his Fourth Amendment right to be free of unreasonable seizures. D.V. was held at gunpoint despite having not committed any crime, and despite this *de facto* arrest he was not charged with

any crime. Therefore, the force used by the DOE OFFICERS and DOES 1-8, inclusive, was unreasonable under the circumstances.

71.    In using such excessive and unreasonable force on Plaintiff, DOES 1-8, inclusive, acted intentionally and under color of state law.

72.    The conduct of DOES 1-8, inclusive, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of D.V. and therefore warrants the imposition of exemplary and punitive damages as to DOES 1-8, inclusive.

73.    D.V. also seeks attorneys' fees under this claim.

**V.**

**FIFTH CLAIM FOR RELIEF**

**Unreasonable Search and Seizure – Failure to Intervene (42 U.S.C. § 1983)**

(By DAVID against DOES 1-8, inclusive)

74.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 73 of this complaint with the same force and effect as though fully set forth herein.

75.    The unjustified beating of DAVID by DOES 1-8, inclusive, deprived DAVID of his right to be secure in his persons against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

76.    Furthermore, each of DOES 1-8, inclusive, had a duty to intervene in unconstitutional uses of excessive force by each of the other defendants against DAVID, and each of them failed to do so.

77.    DOES 1-8, inclusive, each observed and had a reasonable opportunity to intervene in the unreasonable and excessive uses of force by each of the other DOES 1-8, inclusive.

78.    The unreasonable uses of force by DOES 1-8, inclusive, deprived DAVID of his right to be secure in his person against unreasonable searches and seizures as

guaranteed to DAVID under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

79.     As a result, DAVID suffered physical injury, extreme mental and physical pain and suffering, emotional distress, and loss of enjoyment of life.

80.     As a result of the conduct of DOES 1-8, inclusive, they are each liable for DAVID's injuries because they failed to intervene in each of the other defendants' unconstitutional acts.

81.     These uses of excessive and unreasonable force were unreasonable under the circumstances because there was no reasonable suspicion to detain DAVID and no probable cause to arrest or use any force against him. These uses of force deprived DAVID of his Fourth Amendment right to be free of unreasonable seizures. DAVID posed no threat to the officers or anyone else, and was not resisting or obstructing lawful police action, and, therefore, the force used by DOES 1-8, inclusive, was extremely unnecessary under the circumstances.

82.     In using such excessive force on DAVID, DOES 1-8, inclusive, acted intentionally and under color of state law.

83.     The conduct of DOES 1-8, inclusive, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DAVID and therefore warrants the imposition of exemplary and punitive damages as to DOES 1-8, inclusive.

84.     DAVID also seeks attorneys' fees under this claim.

## VI.

## <u>SIXTH CLAIM FOR RELIEF</u>

**Unreasonable Search and Seizure – Failure to Intervene (42 U.S.C. § 1983)**

(By D.V. against DOES 1-8, inclusive)

85.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 84 of this complaint with the same force and effect as though fully set forth herein.

86.     The unjustified, unreasonable, and excessive use of force against and *de facto* arrest of D.V. deprived him of his right to be secure in his persons against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

87.     Furthermore, each of DOES 1-8, inclusive, had a duty to intervene in unconstitutional uses of excessive force by each of the other defendants against D.V., and each of them failed to do so.

88.     DOES 1-8, inclusive, each observed and had a reasonable opportunity to intervene in the unreasonable and excessive uses of force against and unreasonable *de facto* arrest of D.V.

89.     The unreasonable uses of force by DOES 1-8, inclusive, deprived D.V. of his right to be secure in his person against unreasonable searches and seizures as guaranteed to D.V. under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

90.     As a result, D.V.  suffered extreme mental and emotional pain and suffering, emotional distress, and loss of enjoyment of life.

91.     As a result of the conduct of DOES 1-8, inclusive, they are each liable for D.V.'s injuries because they failed to intervene in each of the other defendants' unconstitutional acts.

92.     These uses of excessive and unreasonable force were unreasonable under the circumstances because there was no reasonable suspicion to detain D.V. and no probable cause to arrest or use any force against him. These uses of force and *de facto* arrest deprived D.V. of his Fourth Amendment right to be free of unreasonable seizures. D.V. posed no threat to the officers or anyone else, and was not resisting or obstructing lawful police action, and, therefore, the force used by DOES 1-8, inclusive, was extremely unnecessary under the circumstances.

93.    In using such excessive force on D.V., DOES 1-8, inclusive, acted intentionally and under color of state law.

94.    The conduct of DOES 1-8, inclusive, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of D.V. and therefore warrants the imposition of exemplary and punitive damages as to DOES 1-8, inclusive.

95.    D.V. also seeks attorneys' fees under this claim.

## VII.

## SEVENTH CLAIM FOR RELIEF

## Violation of First Amendment Rights (42 U.S.C. § 1983)

(By D.V. against DOES 1-8, inclusive)

96.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 95 of this Complaint with the same force and effect as if fully set forth herein.

97.    During the incident that took place on December 29, 2023, D.V. began using his cell phone to video record the excessive force being used against his brother, DAVID, by DOES 1-8, inclusive.

98.    It is constitutionally protected activity to video record police officers. As such, D.V. was engaged in a constitutionally protected activity at all times relevant.

99.    Plaintiff is informed and believes and thereon alleges that DOES 1-8, inclusive on the scene took umbrage against Plaintiff recording their actions.

100.    In violation of D.V.'s First Amendment rights, DOES 1-8, inclusive, attempted to chill his constitutionally protected activity by escalating the encounter and threatening him with force. Specifically, one of DOES 1-8, inclusive, first attempted to obscure the recording taken by D.V. by shining his flashlight directly into D.V.'s camera, which made it impossible for D.V. to capture the excessive force being used against DAVID. When D.V. attempted to move his camera, the same officer (one of DOES 1-8, inclusive) pulled his gun out of its holster and pointed it directly at D.V. and began to verbally threaten him.

101.   The actions of DOES 1-8, inclusive, against D.V. would chill a person of ordinary firmness from continuing to engage in the protected activity, in this case the video recording of police officers.

102.   D.V. is informed and believes and thereon alleges that D.V.'s protected activity was a substantial motivating factor in the conduct of DOES 1-8, inclusive.

103.   As a result of the conduct of the DOES 1-8, inclusive, D.V. was harmed.

104.   The conduct of DOES 1-8, inclusive, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of D.V. and therefore warrants the imposition of exemplary and punitive damages as to DOES 1-8, inclusive.

105.   D.V. also seeks attorney fees under this claim.

## VIII.

## EIGHTH CLAIM FOR RELIEF

**_Monell_ Liability – Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)**

(By all Plaintiffs against Defendants CITY and DOES 9-10, inclusive)

106.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 105 of this complaint with the same force and effect as though fully set forth herein.

107.   When DOES 1-8, inclusive, brutally beat DAVID and failed to intervene while he was unarmed and posed no threat to any other person, they acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant CITY. Further, when DOES 1-8 used excessive force against and conducted a _de facto_ arrest of D.V., while he was unarmed and posed no threat to any other person, they acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant CITY.

108.   DOES 1-8, inclusive, acted under color of state law and within the course and scope of their employment when they intentionally beat DAVID without there being an immediate threat of serious bodily injury, thereby using excessive and unreasonable force against DAVID. At all relevant times, DAVID was unarmed and surrendering.

DAVID did not verbally threaten any person or officer, and did not harm any person or officer. In fact, DAVID committed nothing remotely approaching criminal activity throughout the contact with the officers.

109.   DOES 1-8, inclusive, acted under color of state law and within the course and scope of their employment when they intentionally used excessive and unreasonable force against and conducted a *de facto* arrest of D.V., thereby causing D.V. harm. At all relevant times D.V. was unarmed and engaged in protected activity,

110.   DOES 1-8, inclusive, acted pursuant to an expressly adopted policy or longstanding practice or custom of the Defendant CITY.

111.   On information and belief, DOES 1-8, inclusive, were not disciplined, reprimanded, retrained, provided additional training, suspended, or otherwise penalized in connection with the deprivation of Plaintiffs' rights.

112.   On information and belief, the CITY has deficient policies with respect to the use of force. As a result of these deficient polices, DOES 1-8, inclusive, used excessive force on Plaintiffs and otherwise violated their constitutional rights, resulting in the injuries claimed in this lawsuit.

113.   CITY, together with DOES 9-10, inclusive, and various other officials, had either actual or constructive knowledge of the deficient policies, practices and customs alleged herein. Despite having knowledge as stated above, CITY and DOES 9-10 condoned, tolerated and through actions and inactions thereby ratified such policies. CITY and DOES 9-10 also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DAVID and other individuals similarly situated.

114.   By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, CITY and DOES 9-10, inclusive, acted with intentional, reckless, and callous disregard for Plaintiffs' constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and tolerated by CITY and

DOES 9-10, inclusive were affirmatively linked to and were a significantly influential force behind Plaintiffs' injuries.

115.   By reason of the aforementioned acts and omissions, and as a direct and proximate result of the aforementioned unconstitutional policies and customs, DAVID endured substantial physical, mental, and emotional injuries and pain and suffering. Moreover, as a direct and proximate result of the aforementioned unconstitutional policies and customs, D.V. suffered and endured substantial emotional and mental distress and injuries.

116.   The acts of each of CITY and DOES 9-10, inclusive, were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities, and therefore warrants imposition of exemplary and punitive damages as to DOES 9-10, inclusive.

117.   Accordingly, Defendants CITY and DOES 9-10, inclusive, each are liable for compensatory damages under 42 U.S.C. § 1983.

118.   Plaintiffs also seek reasonable attorneys' fees and costs under this claim.

## IX.

## NINTH CLAIM FOR RELIEF

### *Monell* Liability – Failure to Train (42 U.S.C. § 1983)

(By all Plaintiffs against CITY and DOES 9-10, inclusive)

119.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 118 of this complaint with the same force and effect as though fully set forth herein.

120.   At all relevant times, DOES 1-8, inclusive, acted under color of law and within the course and scope of their employment with the CITY.

121.   The acts of DOES 1-8, inclusive, as described herein, deprived Plaintiffs of their particular rights under the United States Constitution, including when they intentionally beat and used excessive force against DAVID without justification, causing

significant injuries, and when they used excessive force against and conducted a *de facto* arrest of D.V.

122.   On information and belief, Defendant CITY failed to properly and adequately train the DOES 1-8, inclusive, including with regard to the use of physical force generally. The training policies of Defendants CITY and its policymakers, including any DOE policymakers, were not adequate to train its officers to handle the usual and recurring situations with which they must deal.

123.   On information and belief, the CITY failed to properly train their officers regarding the use of force. As a result of this deficient policy and deficient training, the officer defendants used unlawful excessive force against DAVID, resulting in the injuries claimed in this lawsuit.

124.   The training policies of Defendant CITY were not adequate to train its officers to handle the usual and recurring situations with which they must deal, including de-escalation techniques, tactical communication, tactical positioning, and the use of less than lethal force.

125.   On information and belief, there are a number of civil lawsuits and other circumstances wherein the particular failure of the CITY and DOES 9-10, inclusive, to train their police officers in appropriate use of force tactics was evident. These cases involve police beatdowns of suspects who had not committed any crime and who were not resistant, much like DAVID in the instant matter.

126.   Defendant CITY and DOES 9-10, inclusive were deliberately indifferent to the obvious consequences of its failure to train their officers adequately.

127.   The failure of Defendant CITY and DOES 9-10, inclusive to provide adequate training caused the deprivation of Plaintiffs' rights by DOES 1-8, inclusive; that is, Defendants' failure to train is so closely related to the deprivation of Plaintiffs' rights as to be the moving force that caused the ultimate injury.

128.   By reason of the aforementioned acts and omissions, and as a direct and proximate result of the aforementioned unconstitutional failure to train, DAVID endured

substantial physical, mental, and emotional injuries and pain and suffering. Moreover, as a direct and proximate result of the aforementioned unconstitutional failure to train, D.V. suffered and endured substantial emotional and mental distress and injuries.

129.   Accordingly, Defendant CITY and DOES 9-10, inclusive, are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

130.   Plaintiffs also seek reasonable attorneys' fees and costs under this claim.

## X.

## TENTH CLAIM FOR RELIEF

### *Monell* Liability – Ratification (42 U.S.C. § 1983)

(By all Plaintiffs against CITY and DOES 9-10, inclusive)

131.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 130 of this complaint with the same force and effect as though fully set forth herein.

132.   At all relevant times, DOES 1-8, inclusive, acted under color of law and within the course and scope of their employment with the CITY.

133.   The acts of DOES 1-8, inclusive, as described herein, deprived Plaintiffs of their particular rights under the United States Constitution, including when they intentionally beat and used excessive force against DAVID without justification, causing significant injuries, and when they used excessive force against and conducted a *de facto* arrest of D.V.

134.   Upon information and belief, a final policymaker, acting under color of law, potentially one or more of DOES 9-10, inclusive, has a history of ratifying the unconstitutional and unreasonable uses of force.

135.   Upon information and belief, a final policymaker for the CITY, potentially one or more of DOES 9-10, inclusive, acting under color of law, who had final policymaking authority concerning the acts of DOES 1-8, inclusive, and the bases for them, ratified the acts and omissions of DOES 1-8, inclusive, and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of

Defendants' acts, specifically approving the DOES 1-8, inclusive, excessive force in the beating of unarmed DAVID when he was not an immediate threat of death or serious bodily injury, and of the excessive force used against and *de facto* arrest of D.V. when he was unarmed and did not pose any threat to the officers.

136.   On information and belief, the official policies with respect to the incident are that officers are not to use excessive force against an individual. DOES 1-8's actions deviated from these official policies. Plaintiffs did not pose an immediate threat of death or serious bodily injury to the involved officers or anyone else.

137.   Upon information and belief, a final policymaker(s) has determined that the acts of DOES 1-8, inclusive, were "within policy."

138.   By reason of the aforementioned acts and omissions, Defendants CITY and DOES 9-10, inclusive, are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

139.   Plaintiffs also seeks reasonable attorneys' fees and costs under this claim.

## XI.

## ELEVENTH CLAIM FOR RELIEF

### Assault (Count I)

(By DAVID against All Defendants)

140.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 139 of this complaint with the same force and affect as though fully set forth herein.

141.   On December 29, 2023, DOES 1-8, inclusive, threatened to cause harmful contact with DAVID when he approached them seeking help.

142.   DAVID did not consent to the conduct of DOES 1-8, inclusive.

143.   In fact, DOES 1-10, inclusive, tackled and threw DAVID to the ground and proceed to punch and strike him multiple times in the face and head causing catastrophic injuries.

144.   The conduct of DOES 1-8, inclusive, was a substantial factor in causing DAVID's harm.

145.   The conduct of DOES 1-8, inclusive, was intentional, despicable, malicious, and oppressive and was done with a willful, wanton, and conscious disregard for DAVID's rights.

146.   The CITY is vicariously liable for the acts of DOES 1-8, inclusive, pursuant to California *Government Code* section 815.2(a), which provides that a public entity is liable for the injuries proximately caused by an act or omission of an employee of the public entity within the scope of their employment if the act or omission would have given rise to a cause of action against that employee.

## XII.

## TWELFTH CLAIM FOR RELIEF

### Assault (Count II)

(By D.V. against All Defendants)

147.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 146 of this complaint with the same force and affect as though fully set forth herein.

148.   On December 29, 2023, DOES 1-8, inclusive, threatened to cause harmful contact with D.V. when he was recording them use excessive and unreasonable force against his brother DAVID.

149.   In order to prevent D.V. from recording the use of excessive and unreasonable force against DAVID, DOES 1-8, inclusive, pointed their guns at D.V. while he remained seated in DAVID's car.

150.   D.V. did not consent to the conduct of DOES 1-8, inclusive.

151.   The conduct of DOES 1-8, inclusive, was a substantial factor in causing D.V.'s harm.

152.    The conduct of DOES 1-8, inclusive, was intentional, despicable, malicious, and oppressive and was done with a willful, wanton, and conscious disregard for D.V.'s rights.

153.    The CITY is vicariously liable for the acts of DOES 1-8, inclusive, pursuant to California *Government Code* section 815.2(a), which provides that a public entity is liable for the injuries proximately caused by an act or omission of an employee of the public entity within the scope of their employment if the act or omission would have given rise to a cause of action against that employee.

## XIII.

## THIRTEENTH CAUSE OF ACTION

### Battery

#### (By DAVID against All Defendants)

154.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 153 of this complaint with the same force and effect as though fully set forth herein.

155.    DOES 1-8, while working as police officers for the CITY's police department, and acting within the course and scope of their duties, intentionally battered DAVID when they punched and elbowed him repeatedly in the face and head and placed a knee on his neck to restrict his breathing. As a result of the actions of DOES 1-8, inclusive, DAVID suffered severe physical, mental, and emotional pain and suffering. DOES 1-8 had no legal justification for using any force at all against DAVID and said defendants' use of force while carrying out their officer duties was an unreasonable use of force.

156.    As a direct and proximate result of defendants' conduct as alleged above, DAVID suffered extreme and severe mental anguish and pain and has been injured in mind and body. DAVID has suffered significant injuries, including a potentially traumatic brain injury as a result of the conduct of DOES 1-8, inclusive.

157.   CITY is vicariously liable for the wrongful acts of DOES 1-10, inclusive, pursuant to California Government Code § 815.2(a), which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

158.   The conduct of DOES 1-8 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DAVID, entitling DAVID to an award of exemplary and punitive damages.

## XIV.

## FOURTEENTH CLAIM FOR RELIEF

### Negligence (Count I)

(By DAVID against All Defendants)

159.   Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 158 of this complaint with the same force and effect as though fully set forth herein.

160.   The actions and inactions of the defendants were negligent and reckless, including, but not limited to:

    a. The failure to properly and adequately assess the need to detain, arrest, and use force against DAVID;

    b. The negligent tactics and handling of the situation with DAVID, including pre-beating negligence;

    c. The negligent detention and use of force against DAVID;

    d. The failure of DOES 9-10 to properly train and supervise employees, both professional and non-professional, including DOES 1-8;

    e. The failure to ensure that adequate numbers of employees with the appropriate education and training were available to meet the needs of and protect the rights of DAVID;

161.   As a direct and proximate result of defendants' conduct as alleged above, and other undiscovered negligent conduct, DAVID was caused to suffer severe pain and

suffering. Also, as a direct and proximate result of defendants' conduct as alleged above, DAVID suffered extreme and severe mental anguish and pain and has been injured in mind and body.

162.   CITY is vicariously liable for the wrongful acts of DOES 1-10 pursuant to California Government Code § 815.2, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

## XV.

## FIFTEENTH CLAIM FOR RELIEF

### Negligence (Count II)

(By D.V. against All Defendants)

163.   Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 162 of this complaint with the same force and effect as though fully set forth herein.

164.   The actions and inactions of the defendants were negligent and reckless, including, but not limited to:

a. The failure to properly and adequately assess the need to detain, arrest, and use force against D.V.;

b. The negligent tactics and handling of the situation with D.V.;

c. The retaliatory behavior against D.V. in violation of his First Amendment rights;

d. The negligent detention and use of force against D.V.;

e. The failure of DOES 9-10 to properly train and supervise employees, both professional and non-professional, including DOES 1-8;

f. The failure to ensure that adequate numbers of employees with the appropriate education and training were available to meet the needs of and protect the rights of D.V.;

165.   As a direct and proximate result of defendants' conduct as alleged above, and other undiscovered negligent conduct, D.V. was caused to suffer severe pain and suffering. Also, as a direct and proximate result of defendants' conduct as alleged above, DAVID suffered extreme and severe mental anguish and pain and has been injured in mind and body.

166.   CITY is vicariously liable for the wrongful acts of DOES 1-10 pursuant to California Government Code § 815.2, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

**XVI.**

**SIXTEENTH CLAIM FOR RELIEF**

**Negligent Supervision, Hiring, and Retention**

(By all Plaintiffs against CITY and DOES 9-10, inclusive)

167.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 166 of this complaint with the same force and effect as though fully set forth herein.

168.   CITY hired DOES 1-8, inclusive, as police officers in its police department.

169.   DOES 1-8, inclusive, were unfit and/or incompetent to perform the work of a CITY police officer for which they were hired.

170.   CITY and DOES 9-10, inclusive, knew or should have known that DOES 1-8, inclusive, were unfit or incompetent and that their lack of fitness or incompetence created a particular risk to others, including Plaintiffs and other residents of CITY.

171.   CITY's and DOES 9-10, inclusive, negligence in supervising, hiring, or retaining DOES 1-8, inclusive, was a substantial factor in causing Plaintiffs' harm.

172.   As a direct and proximate cause of CITY's actions or inactions, Plaintiffs suffered extreme mental anguish and pain and have been injured in the mind and body.

///

///

# XVII.

## SEVENTEENTH CLAIM FOR RELIEF

### Intentional Infliction of Emotional Distress (Count I)

(By DAVID against all Defendants)

173.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 172 of this complaint with the same force and effect as though fully set forth herein.

174.   On December 29, 2023, DOES 1-8, inclusive, used excessive and unreasonable force against DAVID when they grabbed, threw him to the ground, punched him and elbowed him repeatedly in the face and head, restricted his airflow by placing a knee on his neck, and forcibly restraining him. DOES 1-8, inclusive, had no reasonable suspicion to detain DAVID and no probable cause to arrest him, much less use any amount of force on him.

175.   DAVID was not engaged in any criminal activity and was not a threat to himself or to anyone else. DOES 1-8, inclusive, decided to use excessive and unreasonable force and to escalate the situation in a purely punitive decision in order to exact extrajudicial punishment on DAVID.

176.   To further punish DAVID, DOES 1-8, inclusive, detained him without reasonable suspicion and arrested him without probable cause.

177.   DOES 1-8, inclusive, acted in an outrageous way by their unjustified and unreasonable use of excessive force against DAVID and by their unlawful detention and arrest of DAVID.

178.   DOES 1-8, inclusive, acted intentionally and with reckless disregard that DAVID would suffer emotional stress and distress from such an outrageous and excessive use of force on his person, despite no criminal activity being afoot.

179.   DOES 1-8, inclusive, acted intentionally and with reckless disregard that DAVID would suffer severe emotional stress and distress from being wrongfully detained without reasonable suspicion, wrongfully arrested without probable cause, and

subject to extreme and excessive force at the hands of the officers, who were full grown men.

180.   As an actual and proximate result of the conduct of DOES 1-8, inclusive, DAVID suffered and continues to suffer from severe emotional distress to this day.

181.   The conduct of DOES 1-8, inclusive, was intentional, despicable, malicious, and oppressive and was done with a willful, wanton, and conscious disregard for DAVID's rights.

182.   The CITY is vicariously liable for the acts and omissions of the DOE OFFICERS and DOES 1-8, inclusive, pursuant to California *Government Code* § 815.2(a), which provides that a public entity is liable for the injuries proximately caused by an act or omission of an employee of the public entity within the scope of their employment if that act or omission would have given rise to a cause of action against that employee.

## XVIII.

## EIGHTEENTH CLAIM FOR RELIEF

### Intentional Infliction of Emotional Distress (Count II)

(By D.V. against all Defendants)

183.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 182 of this complaint with the same force and effect as though fully set forth herein.

184.   On December 29, 2023, D.V. was a minor child.

185.   On December 29, 2023, DOES 1-8, inclusive, used excessive and unreasonable force against D.V. they drew and pointed their guns directly at him. Moreover, DOES 1-8, inclusive, conducted an unlawful *de facto* arrest of D.V. during this encounter. DOES 1-8, inclusive, had no reasonable suspicion to detain D.V. and no probable cause to arrest him, much less use any amount of force on him.

186.   D.V. was not engaged in any criminal activity and was not a threat to himself or to anyone else. DOES 1-8, inclusive, decided to use excessive and

unreasonable force and conduct a *de facto* arrest in a purely punitive decision in order to exact extrajudicial punishment on D.V..

187.   To further punish D.V., DOES 1-8, inclusive, detained him without reasonable suspicion and conducted a *de facto* arrest of his person without probable cause.

188.   DOES 1-8, inclusive, acted in an outrageous way by their unjustified and unreasonable use of excessive force against D.V. and by their unlawful detention and arrest of D.V..

189.   DOES 1-8, inclusive, acted intentionally and with reckless disregard that D.V. would suffer emotional stress and distress from such an outrageous and excessive use of force on his person, despite no criminal activity being afoot.

190.   DOES 1-8, inclusive, acted intentionally and with reckless disregard that D.V. would suffer severe emotional stress and distress from being wrongfully detained without reasonable suspicion, wrongfully arrested without probable cause, and subject to extreme and excessive force at the hands of the officers, who were full grown men.

191.   As an actual and proximate result of the conduct of DOES 1-8, inclusive, D.V. suffered and continues to suffer from severe emotional distress to this day.

192.   The conduct of DOES 1-8, inclusive, was intentional, despicable, malicious, and oppressive and was done with a willful, wanton, and conscious disregard for D.V.'s rights.

193.   The CITY is vicariously liable for the acts and omissions of the DOE OFFICERS and DOES 1-8, inclusive, pursuant to California Government Code § 815.2(a), which provides that a public entity is liable for the injuries proximately caused by an act or omission of an employee of the public entity within the scope of their employment if that act or omission would have given rise to a cause of action against that employee.

///

///

# XIX.

## NINETEENTH CLAIM FOR RELIEF

### Bane Act (California Civil Code § 52.1) (Count I)

(By DAVID against all Defendants)

194.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 193 of this complaint with the same force and effect as though fully set forth herein.

195.    On December 29, 2023, DOES 1-8, inclusive, used excessive and unreasonable force against DAVID when they grabbed, threw him to the ground, punched him and elbowed him repeatedly in the face and head, restricted his airflow by placing a knee on his neck, and forcibly restraining him. DOES 1-8, inclusive, had no reasonable suspicion to detain DAVID and no probable cause to arrest him, much less use any amount of force on him. These actions deprived DAVID of his Fourth Amendment rights.

196.    The actions of DOES 1-8, inclusive, caused injuries to DAVID.

197.    DOES 1-8, inclusive, interfered with DAVID's Fourth Amendment rights to be free from unconstitutional searches and seizures by means of threats to DAVID's person and intimidation by means of showing unnecessary and unreasonable force under the circumstances.

198.    DOES 1-8, inclusive, threatened to use force on DAVID despite the fact that there was no probable cause to detain him and no reasonable suspicion to arrest him. DAVID had committed no crime and in fact was seeking the help of the very officers who brutally attacked him. The officers were full grown men and DAVID was only nineteen years old at the time of the beatdown.

199.    The conduct of DOES 1-8, inclusive, was intentional, despicable, malicious, and oppressive and was done with a willful, wanton, and conscious disregard for DAVID's rights.

200.   The CITY and DOES 9-10, inclusive, are vicariously liable for the acts and omissions of DOES 1-8, inclusive, pursuant to California Government Code § 815.2(a), which provides that a public entity is liable for the injuries proximately caused by an act or omission of an employee of the public entity within the scope of their employment if that act or omission would have given rise to a cause of action against that employee.

## XX.

## TWENTIETH CLAIM FOR RELIEF

### Bane Act (California Civil Code § 52.1) (Count II)

(By D.V. against all Defendants)

201.   Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 200 of this complaint with the same force and effect as though fully set forth herein.

202.   On December 29, 2023, DOES 1-8, inclusive, used excessive and unreasonable force against D.V. when they held him at gunpoint in retaliation for D.V. recording their excessive uses of force against DAVID. DOES 1-8, inclusive, had no reasonable suspicion to detain D.V. and no probable cause to arrest him, much less use any amount of force on him. These actions deprived D.V. of his First and Fourth Amendment rights.

203.   The actions of DOES 1-8, inclusive, caused injuries to D.V..

204.   DOES 1-8, inclusive, interfered with D.V.'s Fourth Amendment rights to be free from unconstitutional searches and seizures by means of threats to D.V.'s person and intimidation by means of showing unnecessary and unreasonable force under the circumstances, specifically by holding D.V. at gunpoint. Moreover, DOES 1-8, inclusive, interfered with D.V.'s First Amendment rights by illegally seizing him and conducting an illegal *de facto* arrest of D.V. in retaliation against D.V. asserting his First Amendment right to video record the police.

205.   DOES 1-8, inclusive, threatened to use force on D.V. despite the fact that there was no probable cause to detain him and no reasonable suspicion to arrest him.

D.V. had committed no crime and in fact was asserting his Constitutionally-guaranteed First Amendment right to record the officers who were brutally beating his brother DAVID. The officers were full grown men and DAVID was only nineteen years old at the time of the beatdown. D.V. was a minor at the time of the incident when DOES 1-8, inclusive, held him at gunpoint.

206.   The conduct of DOES 1-8, inclusive, was intentional, despicable, malicious, and oppressive and was done with a willful, wanton, and conscious disregard for D.V.'s rights.

207.   The CITY and DOES 9-10, inclusive, are vicariously liable for the acts and omissions of DOES 1-8, inclusive, pursuant to California Government Code § 815.2(a), which provides that a public entity is liable for the injuries proximately caused by an act or omission of an employee of the public entity within the scope of their employment if that act or omission would have given rise to a cause of action against that employee.

## XXI.

## TWENTY-FIRST CLAIM FOR RELIEF

### Ralph Act (California Civil Code § 51.7) (Count I)

(By DAVID against all Defendants)

208.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 207 of this complaint with the same force and effect as though fully set forth herein.

209.   On December 29, 2023, DOES 1-8, inclusive, used excessive and unreasonable force against DAVID when they grabbed, threw him to the ground, punched him and elbowed him repeatedly in the face and head, restricted his airflow by placing a knee on his neck, and forcibly restraining him. DOES 1-8, inclusive, had no reasonable suspicion to detain DAVID and no probable cause to arrest him, much less use any amount of force on him. These actions deprived DAVID of his Fourth Amendment rights.

210.   The actions of DOES 1-8, inclusive, caused injuries to DAVID.

211. A substantial motivating reason for the conduct of DOES 1-8, inclusive, was DAVID's race, gender, and color. DAVID is a male of Hispanic heritage.

212. A reasonable person in DAVID's position would have believed that the DOES 1-8, inclusive, would carry out their threats of using physical violence against DAVID.

213. A reasonable person in DAVID's position would have been intimidated by the conduct and threats of DOES 1-8, inclusive.

214. In using excessive force on DAVID, DOES 1-8, inclusive, acted intentionally and under color of state law.

215. The excessive force used by DOES 1-8, inclusive, was the actual and proximate cause of the injuries to DAVID.

216. The conduct of DOES 1-8, inclusive, was intentional, despicable, malicious, and oppressive and was done with a willful, wanton, and conscious disregard for DAVID's rights.

217. The CITY and DOES 9-10, inclusive, are vicariously liable for the acts and omissions of DOES 1-8, inclusive, pursuant to California Government Code § 815.2(a), which provides that a public entity is liable for the injuries proximately caused by an act or omission of an employee of the public entity within the scope of their employment if that act or omission would have given rise to a cause of action against that employee.

## XXII.

## TWENTY-SECOND CLAIM FOR RELIEF

### Ralph Act (California Civil Code § 51.7) (Count II)

(By D.V. against all Defendants)

218. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 217 of this complaint with the same force and effect as though fully set forth herein.

219. On December 29, 2023, DOES 1-8, inclusive, used excessive and unreasonable force against D.V. when they held him at gunpoint and threatened force

against him in retaliation for D.V. recording their excessive uses of force against DAVID. DOES 1-8, inclusive, had no reasonable suspicion to detain D.V. and no probable cause to arrest him, much less use any amount of force on him. These actions deprived D.V. of his First and Fourth Amendment rights.

220.    The actions of DOES 1-8, inclusive, caused injuries to D.V.

221.    A substantial motivating reason for the conduct of DOES 1-8, inclusive, was DAVID's race, gender, and color. D.V. is a male of Hispanic heritage.

222.    A reasonable person in D.V.'s position would have believed that the DOES 1-8, inclusive, would carry out their threats of using physical violence against D.V.

223.    A reasonable person in D.V.'s position would have been intimidated by the conduct and threats of DOES 1-8, inclusive.

224.    In using excessive force on D.V., DOES 1-8, inclusive, acted intentionally and under color of state law.

225.    The excessive force used by DOES 1-8, inclusive, was the actual and proximate cause of the injuries to D.V.

226.    The conduct of DOES 1-8, inclusive, was intentional, despicable, malicious, and oppressive and was done with a willful, wanton, and conscious disregard for D.V.'s rights.

227.    The CITY and DOES 9-10, inclusive, are vicariously liable for the acts and omissions of DOES 1-8, inclusive, pursuant to California Government Code § 815.2(a), which provides that a public entity is liable for the injuries proximately caused by an act or omission of an employee of the public entity within the scope of their employment if that act or omission would have given rise to a cause of action against that employee.

///
///
///
///
///

COMPLAINT

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs requests an entry of judgment in their favor and against Defendants CITY OF ONTARIO, and DOES 1-10, inclusive, as follows:

A. For Compensatory damages in the amount to be proven at trial;

B. For general and special damages;

C. For exemplary and punitive damages against the individual defendants in an amount to be proven at trial;

D. For statutory damages pursuant to California Civil Code § 52(b)(3);

E. For interest;

F. For reasonable costs of this suit and attorneys' fees; and

G. For such other further relief as the Court may deem just, proper, and appropriate.

SKAPIK LAW GROUP

Dated: February 11, 2025          By:     */s/ Matthew T. Falkenstein*
                                        Mark J. Skapik
                                        Geralyn L. Skapik
                                        Blair J. Berkley
                                        Matthew T. Falkenstein
                                        Attorneys for Plaintiffs,
                                        DAVID VILLALOBOS, an individual; D.V,
                                        a minor, by and through his guardian ad
                                        litem, Griselda Viera

## **<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff hereby demands trial by jury.


SKAPIK LAW GROUP


Dated: February 11, 2025                By:    */s/ Matthew T. Falkenstein*
                                               Mark J. Skapik
                                               Geralyn L. Skapik
                                               Matthew T. Falkenstein
                                               Attorneys for Plaintiff DAVID
                                               VILLALOBOS, an individual; D.V, a
                                               minor, by and through his guardian ad
                                               litem, Griselda Viera

COMPLAINT